UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SANDRA RAMOS,

    Defendant.

_____/

CASE NO. 1:10-CR-124

HON. ROBERT J. JONKER

## **OPINION AND ORDER**

The government and Defendant Ramos have entered into a plea agreement (docket # 21) under which Ms. Ramos tendered a plea of guilty to Count 2 of the superseding indictment (docket # 9). The count charges her with misapplication of bank funds under 18 U.S.C. § 656. At the plea hearing on August 27, 2010, the Court found that Ms. Ramos competently tendered a guilty plea that was voluntary, knowing and intelligent in all respects. The Court further found a factual basis for all but one element of the charge, reserving the issue of whether the element of "intent to injure or defraud" had been established. *See United States of America v. Woods*, 877 F.2d 477, 480 (6th Cir. 1989) (recognizing intent to injure or defraud as an element of the offense). The government submitted briefing on the element of "intent to injure or defraud" on August 30, 2010 (docket # 28). The Court has carefully reviewed and considered the supplemental briefing and applicable law. The Court finds that the element of intent to injure or defraud has been satisfied in this case. Accordingly, the Court accepts Ms. Ramos's guilty plea.

Under 18 U.S.C. § 656, it is illegal for an employee of a federally-insured financial institution to "willfully misappl[y] any of the moneys, funds or credits of [the institution.]" Ironically, the language at issue – "intent to injure or defraud" – does not actually appear in the text of the statute. The language was present in the original version of the statute, Rev. Stat. 5209, and in a 1913 re-codification of the statute as 12 U.S.C. § 592. *United States v. Pollack*, 503 F.2d. 87, 90 (9th Cir. 1974). In 1948, Congress revised 12 U.S.C. § 592, separating the statute's contents into three separate statutes, including 18 U.S.C. § 656. *Id.* In the course of this revision, Congress omitted the phrase "intent to injure or defraud." *See id.* Case law has, though, uniformly retained "intent to injure or defraud" as an element of the Section 656 offense, concluding that the omission of the language was not intended to change the overall nature of the offense. *See, e.g.*, *Logsdon*, 253 F.2d at 14 (Observing that "intent . . . is one of the essential elements of the offense," and holding that the words "did willfully misapply" constituted a sufficient charge of criminal intent to defraud.); *Ramirez v. United States of America,* 318 F.2d 155, 158 (9th Cir. 1963) (finding that the phrase "did willfully misapply" imports an intent to injure or defraud under section 656); *Pollack*, 503 F.2d at 91-92 ("[T]hose courts which have considered the elimination of the 'intent to injure or defraud' language in § 656 have . . . held that intent to injure or defraud remains an element of the offense."). This is true as well for the other statutes that inherited portions of the original Section 592 – 18 U.S.C. § 1005, for example. *Pollack*, 503 F.2d at 90-91.

The element of intent to injure or defraud is part of Section 656, but it is necessary to consider what "intent to injure or defraud" means. The government's brief makes it plain that the uniform construction of the element includes not only those situations where a defendant subjectively intended to hurt the bank, but also situations in which a defendant intentionally exposed

2

a bank to the risk of harm, even if the defendant subjectively hoped the long-term effect of the wrong would be of assistance to the bank's business. *See, e.g. United States v. Woods*, 877 F.2d 477, 480 (6th Cir. 1989) (The requisite intent includes at least "a deceitful and dishonest mishandling of a bank's monies, funds, or credits . . . [and] [s]uch intent exists whenever the [bank employee] acts knowingly or with reckless disregard of the bank's interests and the result of [her] conduct injures or defrauds the bank."); *United States v. Hansen*, 701 F.2d 1215, 1218 (7th Cir. 1983) ("The intent to defraud required to support liability under [Section 656] is minimal; it 'exists whenever the defendant acts knowingly and the result of [her] conduct would be to injure or defraud the bank, regardless of [her] motive.'") (quoting *United States v. Schoenhut*, 576 F.2d 1010, 1024 (3d Cir. 1979)); *United States v. Southers*, 583 F.2d 1302, 1305 (5th Cir. 1978) ("[T]he requisite intent is proven by showing a knowing, voluntary act by the defendant, the natural tendency of which may have been to injure the bank even though such may not have been [her] motive."); *United States v. Bruun*, 809 F.3d 397, 408 (7th Cir. 1987) ("[T]he 'intent to injure' required by § 656 is not a subjective desire that the bank be harmed. Rather, it is sufficient that the loan officer engaged in acts, the natural tendency of which would be to injure the bank."). *Cf.* Sixth Cir. Pattern Jury Instr., Criminal, § 10.03(2)(E) ("To act with 'intent to defraud' [in context of bank fraud under 18 U.S.C. § 1344] means to act with an intent to deceive.").

In this case, Ms. Ramos admits intentional and repeated bank record fabrications over a lengthy period with the purpose and effect of (A) putting bank funds in the hands of a bank customer who was not entitled to receive them, and (B) hiding this fact from senior bank officials who would have ended the practice had they known of it. The Court is satisfied after reviewing the authority submitted that the intent element of the offense has been established. More specifically, the Court

3

is satisfied that the intent to defraud element includes the intent Ms. Ramos admitted to of hiding the misapplication from bank officers for years because she knew they would have shut it down had they known the true facts. Ultimately, the subjective motivation of Ms. Ramos to help the bank in the long run by helping a large and important bank customer in the short run, and the apparent absence of any personal gain motive are matters that go to mitigation, not exculpation. The Court emphasizes that the review of this issue was prompted by the Court's own concerns, and not because Ms. Ramos herself, or counsel for either party, attempted to over- or under-characterize the factual admissions that Ms. Ramos freely gave under questioning from the Court and from counsel.

On the basis of the record made at the hearing, the Court finds that Ms. Ramos is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by Ms. Ramos; that it is made voluntarily and free from any force, threats, or undisclosed promises; that Ms. Ramos understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact. Accordingly, the Court accepts Ms. Ramos's plea of guilty to Count 2 of the Indictment and adjudicates Ms. Ramos guilty. Bond is continued for the reasons stated at the hearing. Sentencing is scheduled for December 2, 2010, at 2:00 p.m., 699 Federal Building, Grand Rapids, Michigan.

Dated:     September 3, 2010          /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE